<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE AMBROCIO LEMA LEON,<br><br>Petitioner,<br><br>v.<br><br>PAM BONDI, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00193 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jose Ambrocio Lema Leon's ("Petitioner") letter arguing his Court ordered bond hearing was fundamentally unfair and seeking immediate release from custody. (ECF No. 6.) Respondents filed a letter response (ECF No. 8), and Petitioner filed a letter reply (ECF No. 9). Having reviewed and considered the parties' submissions filed in connection with the letter seeking immediate release and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's letter request seeking release is **DENIED**.

I.    **BACKGROUND**

Petitioner, a citizen of Ecuador, entered the United States without inspection on an unknown date. (ECF No. 3 at 1.) On December 31, 2025, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents. (*Id.*) Petitioner has been in ICE detention since his arrest. Following Petitioner's arrest and detention by ICE, he was detained without an individualized bond hearing because he was being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On January 9, 2026, Petitioner filed his Petition arguing 8 U.S.C. § 1226(a), which authorizes release on bond after a hearing before an immigration judge ("IJ"), applied to his detention. (*Id.*) Following the Court's Order to Answer, Respondents submitted a response to the Petition on January 26, 2026. (ECF No. 3.)

On January 28, 2026, the Court issued a Memorandum Opinion and Order granting the Petition, finding Petitioner detained under 28 U.S.C. § 1226(a), and ordering Respondents to provide Petitioner with "an individualized bond hearing . . . before an immigration judge [to] . . . assess whether [Petitioner] presents a flight risk or a danger to the community." (ECF No. 4 at 4.)

On February 5, 2026, Respondents informed the Court that on January 28, 2026, Petitioner was provided with an individualized bond hearing, where the IJ denied Petitioner bond, finding him to be a flight risk. (ECF No. 5.) On the same day, Petitioner filed his letter challenging the legality of the bond hearing, arguing the IJ's decision was "fundamentally unfair and it represents a violation of his due process rights." (ECF No. 6 at 1.) Petitioner asserts the IJ's decision lacked any legal reasoning or support. (*Id.*)

Respondents filed a response, arguing Petitioner has failed to show his bond hearing was "fundamentally unfair." (*See* ECF No. 8.) Petitioner replied. (ECF No. 9.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  DECISION

In his letter, Petitioner argues the IJ's finding that Petitioner did not meet his burden of establishing he is not a flight risk "lacked any legal reasoning or support, especially in the face of the voluminous supporting documentation filed for the bond request." (ECF No. 6 at 1.) Petitioner claims it is "evident that the [IJ] did not consider the Petitioner's facts and evidence, and her conclusion assessing him a flight risk is contrary to the law." (*Id.* at 2.)

This Court lacks jurisdiction to review any discretionary determinations underlying the IJ's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). "In a fundamentally fair bond hearing, due process has three essential elements." *Id.* at *2. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

The Court has reviewed the bond hearing transcript and finds Immigration Judge Shana Chen ("Judge Chen") did not abuse her discretion in deeming Petitioner had not met his burden of proving he was not a flight risk. As noted above, Petitioner appeared before Judge Chen on February 2, 2026. Judge Chen concluded Petitioner was a flight risk and denied Petitioner bond. (*See generally* ECF No. 8-1.) Judge Chen heard argument from Petitioner's counsel regarding the evidence that was submitted in support of the bond application. (*Id.* at 4–5.) Petitioner's counsel

argued Petitioner has eight biological children, and the mother of his eight children is his partner. (*Id.*) Counsel noted Petitioner had a DUI from 2011, but he does not have any other arrests or convictions. (*Id.* at 5.) Petitioner also submitted character reference letters and the registration for his business. (*Id.*)

Judge Chen noted although Petitioner had been in this country for a significant amount of time, he was only able to provide a couple years of tax filings. (*Id.* at 7–8.) Judge Chen also questioned how Petitioner has been able to support his partner, eight biological children, and two stepchildren on $35,000 a year. (*Id.* at 9.) Additionally, Judge Chen recognized Petitioner has not been motivated for the past twenty-five years to resolve his immigration status in this country. (*Id.* at 7.) Judge Chen stated she has "concerns that [Petitioner] hasn't abided by the laws of this country in addition to the immigration laws." (*Id.* at 9.) Ultimately, Judge Chen denied bond, finding Petitioner had not met his burden of proving he was not a flight risk. (*Id.*)

Petitioner's challenge to Judge Chen's finding that Petitioner poses a flight risk is a challenge to the judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). This Court does not express any opinion on whether Judge Chen came to the correct conclusion, but the record compels a finding that Petitioner received the individualized bond hearing as required under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d)(1) that he was entitled to. Any challenge to Judge Chen's denial of bond must be presented to the Board of Immigration Appeals.[1]

---

[1] The Court notes it previously ordered the Government must treat Petitioner as subject to immigration detention only under 8 U.S.C. § 1226(a) unless and until Petitioner receives an

## IV.  CONCLUSION

For the reasons set forth above, the letter request for immediate release (ECF No. 6) is

**DENIED**. An appropriate order follows.


*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**


Dated: March 11, 2026

---

administratively final order of removal. As such, Petitioner may file a request for a bond redetermination before an immigration judge.